## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| WM CAPITAL MANAGEMENT, INC. AS | ) | |
| SUCCESSOR IN INTEREST TO THE | ) | |
| FEDERAL DEPOSIT INSURANCE | ) | |
| CORPORATION, AS RECEIVER FOR | ) | |
| EDGEBROOK BANK, | ) | Case No. 15-CV-8542 |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | |
| | ) | |
| BOS-1952, LLC, 1952 CHICAGO, LLC, | ) | |
| JESSE BOYLE, BELMONT BANK & | ) | |
| TRUST COMPANY; BANCO POPULAR | ) | |
| N.A., AMERICAN FIDELITY | ) | |
| MORTGAGE SERVICES, INC., | ) | |
| UNKNOWN OWNERS AND NON- | ) | |
| RECORD CLAIMANTS, | ) | |
| | ) | |
| Defendants. | ) | |

## BOS-1952, LLC AND 1952 CHICAGO LLC'S ANSWER TO AMENDED VERIFIED COMPLAINT FOR FORECLOSURE AND OTHER RELIEF

Defendants, BOS-1952, LLC and 1952 Chicago, LLC (the "**Borrowers**" or the "**Defendants**"), by their undersigned counsel, answers the Complaint for Foreclosure and Other Relief (the "**Complaint**") filed by WM Capital Management, Inc., as Successor in Interest to the Federal Deposit Insurance Corporation, as Receiver for Edgebrook Bank (the "**Plaintiff**" or "**WM**"):

## FACTS COMMON TO ALL COUNTS

1.       On or about April 11, 2012, Edgebrook Bank made a loan to BOS-1952, LLC ("**BOS-1952**") and 1952 CHICAGO, LLC ("**1952 Chicago**" and together with BOS-1952, the "**Borrowers**") in the original principal amount of $165,000.00 ("**Loan 4055**").  Loan 4055 is

evidenced by a Promissory Note dated April 11, 2012, executed by Borrowers to the order of Edgebrook Bank in the principal amount of $165,000 (the "**4055 Note**"), a copy of which is attached hereto as **Exhibit "A"**.

**ANSWER**: Borrowers admit the allegations contained in this paragraph.

2.      On or about February 26, 2014, June 26, 2014 and September 30, 2014, Edgebrook Bank and the Borrowers modified Loan 4055, to extend the maturity date to December 14, 2014, as evidenced by Change In Terms Agreements, executed by Borrowers to the order of Edgebrook Bank on each such date. A true and correct copy of the Change in Terms Agreements is attached hereto as **Exhibit "B"**.

**ANSWER**: Borrowers admit the allegations contained in this paragraph.

3.      On or about June 7, 2013, Edgebrook Bank made a loan to JESSE BOYLE ("**Boyle**") in the original principal amount of $300,000.00 ("**Loan 4623**"). Loan 4623 is evidenced by a Promissory Note dated June 7, 2013, executed by Boyle to the order of Edgebrook Bank in the principal amount of $300,000.00 (the "**4623 Note**"), a copy of which is attached hereto as **Exhibit "C"**.

**ANSWER**: Borrowers were not a party to Loan 4623 and therefore lack sufficient information to admit or deny this paragraph. To the extent an answer is necessary, the Borrowers deny all allegations contained in this paragraph.

4.      On or about November 26, 2013, Edgebrook Bank and Boyle modified Loan 4623, to extend the maturity date to June 7, 2014, as evidenced by a Change In Terms Agreement, executed by Boyle to the order of Edgebrook Bank. A true and correct copy of the Change in Terms Agreement is attached hereto as **Exhibit "D"**.

**ANSWER**: Borrowers were not a party to Loan 4623 and therefore lack sufficient information to admit or deny this paragraph. To the extent an answer is necessary, the Borrowers deny all allegations contained in this paragraph.

5.      Loan 4055 and Loan 4623 are secured by, *inter alia*, (i) a Real Estate Mortgage dated April 11, 2012, executed by 1952 Chicago in favor of Edgebrook Bank (the "**1952 Chicago Mortgage**") against the real estate owned by 1952 Chicago and located at 1952 W. Chicago Avenue, Chicago, Illinois (the "**1952 Chicago Property**"). On April 17, 2012, the Mortgage was recorded with the Recorder of Deeds in Cook County, Illinois as Document Number 1210856049. A true and correct copy of the 1952 Chicago Mortgage is attached hereto as  **Exhibit "E"**.

**ANSWER**: 1952 Chicago executed a mortgage in favor of Edgebrook against real estate located at 1952 W. Chicago in Chicago, Illinois. The Borrowers admit that the 1952 W. Chicago Mortgage was recorded as Document Number 1210856049. A copy of the Mortgage is attached as Exhibit E. All remaining allegations contained herein are denied.

6.      Loan 4055 is further secured by, *inter alia*, a Real Estate Mortgage dated April 11, 2012, executed by Boyle in favor of Edgebrook Bank (the "**Degener Mortgage**") against the real estate owned by Boyle and located at 1301 Degener Avenue, Elmhurst, Illinois (the "**Degener Property**"). On April 17, 2012, the Mortgage was recorded with the Recorder of Deeds in Cook County, Illinois as Document Number 1210856050. A true and correct copy of the Degener Mortgage is attached hereto as **Exhibit "F"**.

**ANSWER**: Borrowers lack sufficient information to admit or deny the allegations of this paragraph. To the extent an answer is necessary, the Borrowers deny all allegations contained in this paragraph.

7. Loan 4055 is further secured by, inter alia, a Commercial Security Agreement dated April 11, 2012, (the "**1952 Chicago Security Agreement**"), by 1952 Chicago, in which 1952 Chicago granted to Edgebrook Bank a security interest in all of its business assets, including, but not limited to, inventory, chattel paper, accounts, equipment and all general intangibles (the "**1952 Chicago Collateral**"). A true and correct copy of the 1952 Chicago Security Agreement is attached hereto as **Exhibit "G"**.

**ANSWER**: Borrowers admit the allegations contained in this paragraph.

8. Loan 4055 is further secured by, inter alia, a Commercial Security Agreement dated April 11, 2012, (the "**BOS-1952 Security Agreement**"), by BOS-1952, in which BOS-1952 granted to Edgebrook Bank a security interest in all of its business assets, including, but not limited to, inventory, chattel paper, accounts, equipment and all general intangibles (the "**BOS-1952 Collateral**"). A true and correct copy of the BOS-1952 Security Agreement is attached hereto as **Exhibit "H"**.

**ANSWER**: The Borrowers admit the allegations contained in this paragraph.

9. Edgebrook Bank filed UCC Financing Statements with the Illinois Secretary of State, pursuant to which it perfected its security interests in all of the 1952 Chicago Collateral and the BOS-1952 Collateral. True and correct copies of the UCC Financing Statements are attached hereto as **Exhibit "I"**.

**ANSWER**: Borrowers admit that Edgebrook Bank filed UCC Financing Statements with the Illinois Secretary of State. Borrowers admit that copies of the UCC Financing Statements are attached as Exhibit I. To the extent that the allegation calls for a legal conclusion, the Borrowers deny the remaining allegations of this paragraph.

10.     Loan 4055 is further secured by a Commercial Guaranty dated April 11, 2012, by Jesse Boyle ("**Guarantor**"), in favor of Edgebrook Bank (the "**Boyle Guaranty**"), a true and correct copy of which is attached hereto as **Exhibit "J"**.

**ANSWER**: Borrowers admit that a copy of a guaranty purporting to be signed by Jesse Boyle is attached to the Complaint as Exhibit J.  The Borrowers deny the remaining allegations of this paragraph.

11.     To induce Edgebrook Bank to make Loan 4055, the Guarantor agreed *inter alia*, to fully and promptly pay when due each and every debt, liability and obligation of Borrowers under Loan 4055 plus accrued interest thereon and all other costs, fees and expenses agreed to be paid under any of the agreements evidencing or securing Loan 4055, including, without limitation, attorneys' fees, collection costs and enforcement expenses, as set forth in the Boyle Guaranty.

**ANSWER**: The Borrowers lack sufficient information to admit or deny this paragraph. The Borrowers therefore deny the allegations of this paragraph.

12.     On or about January 31, 2013, Edgebrook Bank made a loan to the Borrowers  in the original principal amount of $75,000.00 ("**Loan 4471**").  Loan 4471 is evidenced by a Promissory Note dated January 31, 2013, executed by Borrowers to the order of Edgebrook Bank in the principal amount of $75,000.00 (the "**4471 Note**"), a copy of which is attached hereto as **Exhibit "K"**.

**ANSWER**: Borrowers admit the allegations of this paragraph.

13.     On or about February 26, 2014, June 26, 2014 and September 30, 2014, Edgebrook Bank and the Borrowers modified Loan 4471, with the result that the final maturity date was extended to December 31, 2014, as evidenced by Change In Terms Agreements,

executed by Borrowers to the order of Edgebrook Bank. A true and correct copy of the Change in Terms Agreements is attached hereto as **Exhibit "L"**.

**ANSWER**: Borrowers admit that on or about February 26, 2014, June 26, 2014 and September 30, 2014, Edgebrook Bank and the Borrowers modified Loan 4471 and that the final maturity date was extended to December 31, 2014. The Borrowers admit that copies of the Change in Terms Agreements are attached as Exhibit L, but deny the remaining allegations of this paragraph.

14.     Loan 4471 is secured by a Commercial Guaranty dated January 31, 2013, by the Guarantor, in favor of Edgebrook Bank (the "**Second Boyle Guaranty**"), a true and correct copy of which is attached hereto as **Exhibit "M"**.

**ANSWER**: Borrowers admit a copy of a guaranty purported to be signed by Jesse Boyle is attached to the Complaint as Exhibit M. The Borrowers deny the remaining allegations of this paragraph.

15.     To induce Edgebrook Bank to make Loan 4471, the Guarantor agreed *inter alia*, to fully and promptly pay when due each and every debt, liability and obligation of Borrowers under Loan 4471 plus accrued interest thereon and all other costs, fees and expenses agreed to be paid under any of the agreements evidencing or securing Loan 4471, including, without limitation, attorneys' fees, collection costs and enforcement expenses, as set forth in the Second Boyle Guaranty.

**ANSWER**: The Borrowers lack sufficient information to admit or deny this paragraph. The Borrowers therefore deny the allegations of this paragraph.

16.     Pursuant to the 4055 Note, the Borrowers were required to pay to Edgebrook Bank monthly payments of accrued interest thereon from and after the date of the 4055 Note, and

all payments of outstanding principal and accrued interest thereon upon the final maturity date of December 14, 2014.

**ANSWER**: The Borrowers admit the allegations of this paragraph.

17.     Borrowers have failed to pay the outstanding principal and accrued interest due under Loan 4055 upon the final maturity date of December 14, 2014.   Such failures constitute a Default under, *inter alia*, clause (1) of the "Default" paragraphs of the 4055 Note and the Change in Terms Agreements, and the 1952 Chicago Mortgage and the Degener Mortgage.

**ANSWER**: The Borrowers admit that a payment was not made on December 14, 2014. The Borrowers lack sufficient information to determine the outstanding principal and accrued interest due under Loan 4055 and therefore deny the remaining allegations of this paragraph.

18.     Pursuant to the 4623 Note, Boyle was required to pay to Edgebrook Bank monthly payments of accrued interest thereon from and after the date of the 4623 Note, and all payments of outstanding principal and accrued interest thereon upon the final maturity date of June 7, 2014.

**ANSWER**: The Borrowers were not a party to the 4623 Note and therefore lack sufficient information to answer the allegations.  The Borrowers therefore deny the allegations of this paragraph.

19.     Boyle has failed to pay the outstanding principal and accrued interest due under Loan 4623 upon the final maturity date of June 7, 2014.   Such failure constitute a Default under, *inter alia*, clause (1) of the "Default" paragraphs of the 4623 Note and the Change in Terms Agreement, and the 1952 Chicago Mortgage.

**ANSWER**: The Borrowers were not a party to the 4623 Note and therefore lack sufficient information to answer the allegations. The Borrowers therefore deny the allegations of this paragraph.

20. Pursuant to the 4471 Note, the Borrowers were required to pay to Edgebrook Bank monthly payments of accrued interest thereon from and after the date of the 4471 Note, and all payments of outstanding principal and accrued interest thereon upon the final maturity date of December 31, 2014.

**ANSWER**: The Borrowers admit the allegations of this paragraph.

21. Borrowers have failed to pay the outstanding principal and accrued interest due under Loan 4471 upon the final maturity date of December 31, 2014. Such failures constitute a Default under, *inter alia*, clause (1) of the "Default" paragraphs of the 4471 Note and the Change in Terms Agreements.

**ANSWER**: The Borrowers admit that a payment was not made on December 31, 2014. The Borrowers lack sufficient information to determine the outstanding principal and accrued interest due under Loan 4055 and therefore deny the remaining allegations of this paragraph.

22. On May 8, 2015, Edgebrook Bank was closed by the Illinois Department of Financial and Professional Regulation Division of Banking, and the Federal Deposit Insurance Corporation, (hereinafter, "**FDIC-Receiver**"), was appointed as its receiver.

**ANSWER**: The Borrowers lack sufficient information to answer this allegation and therefore deny the allegations of this paragraph.

23. On August 28, 2015, the FDIC-Receiver sold and assigned all of its interests in Loan 4055, Loan 4623 and Loan 4471 to the Plaintiff, WM Capital Management, Inc.

**ANSWER**: The Borrowers lack sufficient information to answer this allegation and therefore deny the allegations of this paragraph.

24.    Without regard to any judgment obtained by the Plaintiff in this action, the Plaintiff expressly reserves all of its rights and remedies to proceed by separate action, at any time, against any of the defendants herein or other parties in connection with its mortgages, liens, security interests and other security for the indebtedness under Loan 4055, Loan 4623, Loan 4471 or any other loans or obligations of any of the defendants herein to the Plaintiff.  Nothing herein is intended to preclude the Plaintiff from pursuing such other rights and remedies as it may have with respect to the indebtedness under Loan 4055, Loan 4623, Loan 4471, any personal guaranties, any security agreements or assignments of interests, any contracts, any other loans, notes, or obligations, and any collateral for such indebtedness under such documents or any other documents.

**ANSWER**: This paragraph does not contain an allegation that requires an answer.  To the extent an answer is required, the Borrowers deny the allegations of this paragraph.

## THE PARTIES

25.    Plaintiff WM Capital Management, Inc. is a New York corporation, with its principal place of business in New York, NY.

**ANSWER**: The Borrowers lack sufficient information to answer this allegation and therefore deny the allegations of this paragraph.

26.    Defendant BOS-1952, LLC is an Illinois limited liability company, and maintains its principal office in Chicago, Illinois.

**ANSWER**: The Borrowers admit the allegations of this paragraph.

27.    The members of BOS-1952, LLC are as follows:

    a.   Jesse Boyle, an individual who is a citizen of Illinois, and domiciled in Illinois; and

    b.   Robert Stejskal, an individual who is a citizen of Illinois, and domiciled in Chicago, Illinois.

**ANSWER**: The Borrowers admit the allegations of this paragraph.

28.    Defendant 1952 Chicago, LLC is a limited liability company, and maintains its principal office in Chicago, Illinois.

**ANSWER**: The Borrowers admit the allegations of this paragraph.

29.    The members of 1952 Chicago, LLC are as follows:

    a.   Jesse Boyle, an individual who is a citizen of Illinois, and domiciled in Illinois; and

    b.   Robert Stejskal, an individual who is a citizen of Illinois, and domiciled in Chicago, Illinois.

**ANSWER**: The Borrowers admit the allegations of this paragraph.

30.    Defendant Jesse Boyle is an individual who is a citizen of Illinois, and domiciled in Illinois.

**ANSWER**: The Borrowers admit the allegations of this paragraph.

31.    Belmont Bank & Trust Company is a banking corporation, a citizen of Illinois and domiciled in Illinois, and is made a party hereto due to a mortgage it has recorded against the 1952 Chicago Property, which is recorded with the Cook County Recorder of Deeds as Document No. 1115256047.

**ANSWER**: The Borrowers lack sufficient information to answer this allegation and therefore deny the allegations of this paragraph.

32.     Banco Popular N.A. is a banking corporation, a citizen of Illinois, domiciled in Rosemont, Illinois, and is made a party hereto due to a mortgage it has recorded against the Degener Property, which is recorded with the Cook County Recorder of Deeds as Document No. 041590103.

**ANSWER**: The Borrowers lack sufficient information to answer this allegation and therefore deny the allegations of this paragraph.

33.     American Fidelity Mortgage Services, Inc. is a banking corporation, a citizen of Illinois, domiciled in Naperville, Illinois, and is made a party hereto due to a mortgage it has recorded against the Degener Property, which is recorded with the Cook County Recorder of Deeds as Document No. 1115256047.

**ANSWER**: The Borrowers lack sufficient information to answer this allegation and therefore deny the allegations of this paragraph.

34.     All unknown owners and non-record claimants in connection with the real property and personal property at issue are also named as defendants in this Complaint and are referred to herein as "Unknown Owners and Non-Record Claimants."

**ANSWER**: This paragraph does not contain an allegation that requires an answer.  To the extent an answer is required, the Borrowers deny the allegations of this paragraph.

## VENUE AND JURISDICTION

35.     Jurisdiction is proper under 28 U.S.C. §1332, because the amount in controversy exceeds $75,000 and the Plaintiff is a citizen of a different state from the Defendants.

**ANSWER**: The Borrowers do not admit that jurisdiction is proper in this District; however, the Court has previously ruled that jurisdiction is proper.

36.     Venue is proper in this Court under 28 U.S.C. §1391(b)(2), because a substantial part of the events or omissions giving rise to the Plaintiff's claims occurred, or a substantial part of the real estate that is the subject of the action is situated in the Northern District of Illinois.

**ANSWER**: The Borrowers admit the allegations of this paragraph.

**COUNT I**
**FORECLOSURE OF 1952 CHICAGO MORTGAGE**
**(Against 1952 Chicago, LLC, Belmont Bank & Trust Company and Unknown Owners and Non-Record Claimants)**

37.     The Plaintiff adopts and realleges paragraphs 1 through 36 above as though fully set forth and incorporated herein.

**ANSWER**: The Borrowers adopt and reallege their answers to paragraphs 1 through 36 above as though fully set forth and incorporated herein.

38.     In this Count I, the Plaintiff seeks to foreclose its liens and security interests in the property granted to it pursuant to the 1952 Chicago Mortgage. The Plaintiff joins the following parties as defendants: 1952 Chicago, LLC, Belmont Bank & Trust Company, and Unknown Owners and Non-Record Claimants.

**ANSWER**: This paragraph does not contain an allegation that requires an answer. To the extent an answer is required, the Borrowers deny the allegations of this paragraph.

39.     Information concerning the Mortgage pursuant to 735 ILCS 5/15-1504:

    a.     Nature of the instrument: The mortgage of Edgebrook Bank is evidenced by the Mortgage.

**ANSWER**: The Borrowers deny the allegations of this paragraph.

    b.     Date of mortgage: The Mortgage is dated April 11, 2012.

**ANSWER**: The Borrowers admit the allegations of this paragraph.

    c.     Name of the mortgagor: 1952 Chicago, LLC

**ANSWER**: The Borrowers admit the allegations of this paragraph.

        d.      Name of the mortgagee:  Edgebrook Bank

**ANSWER**: The Borrowers admit the allegations of this paragraph.

        e.      Date and place of recording:  The Mortgage was recorded on April 17, 2012, with the Recorder of Deeds in Cook County, Illinois.

**ANSWER**: The Borrowers admit the allegations of this paragraph.

        f.      Identification of recording:  The Mortgage was recorded as Document Number 1210856049.

**ANSWER**: The Borrowers admit the allegations of this paragraph.

        g.      Interest subject to the Mortgage:  Fee simple to the 1952 Chicago Property, as described in the Mortgage, and improvements, fixtures, and certain other personal property as described therein.

**ANSWER**: The Borrowers admit the allegations of this paragraph.

        h.      Amount of original indebtedness, including subsequent advances made under the Mortgage:  $165,000.00.

**ANSWER**: The Borrowers admit the allegations of this paragraph.

        i.      The legal description and the common address of the Mortgaged Premises:

                Legal Description:

                LOT 3 IN H.A. CRAM'S SUBDIVISION OF LOTS 5 AND 6 IN SUPERIOR COURT PARTITION OF BLOCK 7 OF COCHRAN AND OTHERS SUBDIVISION OF THE WEST HALF OF THE SOUTHEAST QUARTER OF SECTION 6, TOWNSHIP 39 NORTH, RANGE 14, EAST OF THE THIRD PRINCIPAL MERIDIAN, IN COOK COUNTY, ILLINOIS.

                Commonly known as: 1952 W. Chicago Avenue, Chicago, Illinois 60707. PIN:  17-06-433-035-0000

**ANSWER**: The Borrowers admit the allegations of this paragraph.

        j.      Statements as to defaults:  Failure to timely pay the final payment of principal and interest under Loan 4055 and Loan 4623 upon the maturity date of, respectively, December 14, 2014, and June 7, 2014, and thereafter.

**ANSWER**: The Borrowers deny the allegations of this paragraph.

k.  Statement as to unpaid principal, interest and other charges and per diem interest accruing under the Mortgage:  The following amounts are due under Loan 4055 and Loan 4623 as of September 1, 2015:

| | |
|---|---|
| Unpaid Principal Loan 4055: | $163,287.94 |
| Unpaid Default Interest on Loan 4055 post maturity, December 14, 2014 through September 1, 2015 at 6.5% plus 3% default rate: | $10,240.09 |
| 5% Late Fee: | $8,164.39 |
| Total Amount Due on Loan 4055 (excluding costs and attorneys' fees) as of September 1, 2015: | $181,692.42 |
| Daily Per Diem Interest as of September 1, 2015: | $42.49 |
| Unpaid Principal on Loan 4623: | $291,712.51 |
| Unpaid Default Interest on Loan 4623 post maturity, June 7, 2014 through September 1, 2015 at 6.5% plus 3% default rate | $18,484.70 |
| 5% Late Fee: | $14,585.62 |
| Total Amount Due on Loan 4623 (excluding costs and attorneys' fees) as of September 1, 2015: | $324,782.83 |
| Daily Per Diem Interest as of September 1, 2015: | $76.70 |
| Total Amount Due and Owing Loan 4055 and Loan 4623: | $506,475.25 |

**ANSWER**: The Borrowers lack sufficient information to answer this allegation. Therefore, the Borrowers deny all allegations contained in this paragraph.

l.  Name of present owners of the real estate:  1952 Chicago LLC

**ANSWER**: The Borrowers admit the allegations of this paragraph.

m.  Names of other persons who are joined as defendants and whose interest in or lien on the mortgaged real estate is sought to be terminated: Belmont Bank & Trust Company, and Unknown Owners and Non-Record Claimants.

**ANSWER**: The Borrowers lack sufficient knowledge to admit or deny the allegations of this paragraph and therefore deny the same.

      n.      <u>Names of defendants claimed to be personally liable for deficiency, if any</u>: 1952 Chicago, LLC, BOS-1952, LLC as to Note 4055; Jesse Boyle as to Note 4623.

**ANSWER**: The Borrowers admit the allegations of this paragraph as to Note 4055, but deny that any such deficiency claim exists. The Borrowers were not a party to Note 4623 are therefore deny the remaining allegations of this paragraph.

      o.      <u>Capacity in which the Plaintiff brings this foreclosure</u>: As the owner and legal holder of the Mortgage.

**ANSWER**: This paragraph contains a legal conclusion for which no answer is required. To the extent an answer is required, the Borrowers deny the allegations of this paragraph.

      p.      <u>Facts in support of shortened redemption period</u>: The Plaintiff does not presently pray for a redemption period shorter than the longer of 7 months from the date the mortgagor has been served with summons or by publication or have otherwise submitted to the jurisdiction of the court, or 3 months from the entry of a judgment of foreclosure, whichever is later; however, Plaintiff reserves the right to do so later by separate petition if such shortened redemption period is sought.

**ANSWER**: This paragraph does not contain an allegation for which an answer is required. To the extent an answer is required, the Borrowers deny the allegations of this paragraph.

      q.      <u>Statement that the right of redemption has been waived by all owners of redemption</u>: The right of redemption has not been waived, to the best of Plaintiff's knowledge.

**ANSWER**: The Borrowers admit the allegations of this paragraph.

      r.      <u>Facts in support of request for attorneys' fees, costs and expenses</u>: Pursuant to the Mortgage, the Plaintiff is entitled, in connection with the enforcement of any remedy under the Mortgage, to all costs and expenses incurred by the Plaintiff, including, but not limited to, attorneys' fees, court costs, and other legal expenses (*See* 1952 Chicago Mortgage, page 10). The Plaintiff has incurred attorneys' fees and expenses in connection with this suit of foreclosure.

**ANSWER**: The Borrowers lack sufficient knowledge to admit or deny the allegations of this paragraph and therefore deny the same.

      s.      <u>Facts in support of a request for appointment of receiver and identity of such receiver</u>: The Plaintiff is not requesting the appointment of a receiver at this time. However, the Plaintiff reserves the right to request that a receiver be appointed, given possession of the Mortgaged Premises, and granted all powers permitted under Illinois law, particularly 735 ILCS

5/15-1704, to operate, manage and conserve the 1952 Chicago Property including but not limited to the power to negotiate and enter into contracts in connection with the preservation, improvement, and marketing of the Mortgaged Premises, to collect all rents and other income from the Mortgaged Premises, to negotiate and enter agreements with lien holders, and to market and negotiate and enter contracts for the leasing and sale of the Mortgaged Premises or individual units included in the Mortgaged Premises.

**ANSWER**: This paragraph does not contain an allegation for which an answer is required. To the extent an answer is required, the Borrowers deny the allegations of this paragraph.

t. <u>Offer to mortgagor in accordance with Section 15-1402</u>: The Plaintiff does not now make, but reserves its right to make, an offer in accordance with 735 ILCS 5/15-1402 upon a properly noticed motion.

**ANSWER**: This paragraph does not contain an allegation for which an answer is required. To the extent an answer is required, the Borrowers deny the allegations of this paragraph.

u. <u>Name or names of defendants whose right to possess the mortgaged real estate, after the confirmation of a foreclosure sale, is sought to be terminated and, if not elsewhere stated, the facts in support thereof</u>: 1952 Chicago, LLC, Belmont Bank & Trust Company, and Unknown Owners and Non-Record Claimants.

**ANSWER**: The Borrowers lack sufficient knowledge to admit or deny the allegations of this paragraph and therefore deny the same.

**COUNT II**
**BREACH OF LOAN 4055**
**(Against 1952 Chicago LLC and BOS-1952 LLC)**

40. The Plaintiff adopts and realleges paragraphs 1 through 39 above as though fully set forth and incorporated herein.

**ANSWER**: The Borrowers adopt and reallege their answers to paragraphs 1 through 39 above as though fully set forth and incorporated herein.

41. Borrowers entered into a valid and enforceable contract when it executed the 4055 Note and the Change in Terms Agreements (**Exhibits "A" and "B"**).

**ANSWER**: The Borrowers admit that they entered into the 4055 Note and Change in Terms Agreement, but deny the remainder of the allegations in this paragraph.

42.       Pursuant to the 4055 Note, as amended by the Change in Terms Agreements, Borrowers were required to pay the monthly payments interest, and to pay all accrued principal and interest upon the final maturity date of December 14, 2014.  Failure to timely make payment of principal and interest due under the 4055 Note, as amended by the Change in Terms Agreements, when they became due constitutes multiple Defaults under the 4055 Note, the Change in Terms Agreements, and the 1952 Chicago Mortgage.

**ANSWER**: The Borrowers admit that the 4055 Note required the payment of interest and principal in accordance with its terms.  The Borrowers deny the remainder of the allegations in this paragraph.

43.       Because Borrowers failed to timely pay the principal and interest when due under the 4055 Note, as amended by the Change in Terms Agreements, Borrowers are in Default of their obligations under the said Note.  (*See* **Exhibits "A" and "B"**, the "Default" paragraph, page 1).

**ANSWER**: The Borrowers deny the allegations contained in this paragraph.

44.       The Plaintiff has fully performed and fulfilled all of the terms and conditions of the 4055 Note, as amended by the Change in Terms Agreements, that it agreed to perform and fulfill.

**ANSWER**: The Borrowers lack sufficient to answer these allegations and therefore deny the allegations contained in this paragraph.

45.       The Plaintiff has been required to retain legal counsel for the prosecution of this Complaint and has been required to incur attorneys' fees, court costs and other enforcement

costs as a result of Borrower's failure to comply with its obligations under the 4055 Note, as amended by the Change in Terms Agreements.

**ANSWER**: The Borrowers admit that Plaintiff has retained legal counsel and denies the remainder of the allegations in this paragraph.

46.    Pursuant to the 4055 Note, as amended by the Change in Terms Agreements, the Plaintiff is entitled to the costs of collection on the 4055 Note including reasonable attorneys' fees, costs and expenses and other enforcement costs.

**ANSWER**: The Borrowers admit that the 4055 Note provides for the payment of reasonable attorneys' fees, costs and expenses in accordance with its terms..

47.    The Plaintiff has been damaged and continues to be damaged by Borrower's breach of the 4055 Note.

**ANSWER**: The allegations contained in this paragraph do not require an answer; to the extent an answer is required, the Defendants deny the allegations in this paragraph.

**COUNT III**
**BREACH OF LOAN 4623**
**(Against Jesse Boyle)**

This Count does not contain allegations against the Borrowers and therefore does not require a response.

**COUNT IV**
**FORECLOSURE OF DEGENER MORTGAGE**
**(Against Jesse Boyle, Banco Popular N.A., American Fidelity Mortgage Services, Inc. and Unknown Owners and Non-Record Claimants)**

This Count does not contain allegations against the Borrowers and therefore does not require a response.

**COUNT V**
**BREACH OF GUARANTY**
**(Against Jesse Boyle)**

This Count does not contain allegations against the Borrowers and therefore does not require a response.

## COUNT VI
## FORECLOSURE OF LIENS AND SECURITY
## INTERESTS IN 1952 CHICAGO COLLATERAL and BOS-1952 COLLATERAL
### (Against 1952 Chicago, LLC and BOS-1952, LLC)

68.     Plaintiff adopts and realleges Paragraphs 1 through 67 above as though fully set forth and incorporated herein.

**ANSWER**: The Borrowers adopt and reallege their answers to Paragraphs 1 through 67 above as though fully set forth and incorporated herein.

69.     Pursuant to the 1952 Chicago Security Agreement, 1952 Chicago granted to Edgebrook Bank, as collateral for Loan 4055, a lien and security interest in all business assets, inventory, chattel paper, accounts, equipment and general intangibles of 1952 Chicago (the "**1952 Chicago Collateral**").

**ANSWER**: The Borrowers admit the allegations contained in this paragraph.

70.     Pursuant to the BOS-1952 Security Agreement, BOS-1952 granted to Edgebrook Bank, as collateral for Loan 4055, a lien and security interest in all business assets, inventory, chattel paper, accounts, equipment and general intangibles of BOS-1952 (the "**BOS-1952 Collateral**").

**ANSWER**: The Borrowers admit the allegations contained in this paragraph.

71.     The liens and security interests held by Plaintiff, as successor in interest to Edgebrook Bank, in the 1952 Chicago Collateral and the BOS-1952 Collateral, are superior in priority to any liens, security interests or other interests of any of the defendants named herein, and are perfected pursuant to the UCC Financing Statements (**Exhibit "I"**).

**ANSWER**: The Borrowers lack sufficient to answer these allegations and therefore deny the allegations contained in this paragraph.

72.     By the terms of the 1952 Chicago Security Agreement (**Exhibit "G"**) and the BOS-1952 Security Agreement (**Exhibit "H"**), Plaintiff is empowered to exercise all rights and remedies, including foreclosure against the 1952 Chicago Collateral and the BOS-1952 Collateral, granted to it under such documents and the law of Illinois.

**ANSWER**: The allegations in this paragraph call for a legal conclusion to which no answer is required.  To the extent an answer is required, the Borrowers deny all allegations contained in this paragraph.

73.     Plaintiff seeks to foreclose on its security interests in the 1952 Chicago Collateral and the BOS-1952 Collateral.

**ANSWER**: The allegations contained in this paragraph do not require an answer; to the extent an answer is required, the Borrowers deny the allegations in this paragraph.

74.     The Borrowers are in default under the 1952 Chicago Security Agreement for, among other reasons, failure to make payments when due under the 4055 Note, and by reason of such default, Plaintiff is entitled to foreclose on, and seize, all of the 1952 Chicago Collateral, including all rights to payment that Borrowers may have in connection with the 1952 Chicago Collateral, from the date of default to present and continuing.

**ANSWER**: The Borrowers deny the allegations contained in this paragraph.

75.     The Borrowers are in default under the BOS-1952 Security Agreement for, among other reasons, failure to make payment when due under the 4055 Note, and by reason of such default, Plaintiff is entitled to foreclose on, and seize, all of the BOS-1952 Collateral, from the date of default to present and continuing.

**ANSWER**: The Borrowers deny the allegations contained in this paragraph.

76.     Plaintiff has been required to retain legal counsel for the prosecution of this action and has been required to incur attorneys' fees, court costs and other expenses as a result of Borrower's failure to comply with their obligations under the 4055 Note.

**ANSWER**: The Borrowers admit that Plaintiff has retained legal counsel and denies the remainder of the allegations in this paragraph.

77.     Pursuant to the 4055 Note, the 1952 Chicago Security Agreement and the BOS-1952 Security Agreement, Plaintiff is entitled to its attorneys' fees, costs and expenses.

**ANSWER**: The Borrowers deny the allegations contained in this paragraph.

**COUNT VII**
**BREACH OF LOAN 4471**
**(Against 1952 Chicago LLC and BOS-1952 LLC)**

78.     The Plaintiff adopts and realleges paragraphs 1 through 77 above as though fully set forth and incorporated herein.

**ANSWER**: The Borrowers adopt and reallege their answers to paragraphs 1 through 77 above as though fully set forth and incorporated herein.

79.     Borrowers entered into a valid and enforceable contract when they executed the 4471 Note and the Change in Terms Agreements (**Exhibits "K" and "L"**).

**ANSWER**: The Borrowers admit that they entered into a contract when they executed the 4471 Note and the Change in Terms Agreements and deny the remaining allegations contained in this paragraph.

80.     Pursuant to the 4471 Note, as amended by the Change in Terms Agreements, Borrowers were required to pay the monthly payments interest, and to pay all accrued principal and interest upon the final maturity date of December 31, 2014.  Failure to timely make payment

of principal and interest due under the 4471 Note, as amended by the Change in Terms Agreements, when they became due constitutes multiple Defaults under the 4471 Note.

**ANSWER**: The Borrowers admit that the 4471 Note obligated them to make certain payments in accordance therewith. The Borrowers deny the remainder of the allegations in this paragraph.

81.     Because Borrowers failed to timely pay the principal and interest when due under the 4471 Note, as amended by the Change in Terms Agreements, Borrowers are in Default of their obligations under the said Note. (*See* **Exhibits "K" and "L"**, the "Default" paragraph, page 1).

**ANSWER**: The Borrowers deny the allegations of this paragraph.

82.     The Plaintiff has fully performed and fulfilled all of the terms and conditions of the 4471 Note, as amended by the Change in Terms Agreements, that it agreed to perform and fulfill.

**ANSWER**: The Borrowers lack sufficient information to answer this allegation and therefore deny the same.

83.     The Plaintiff has been required to retain legal counsel for the prosecution of this Complaint and has been required to incur attorneys' fees, court costs and other enforcement costs as a result of Borrowers' failure to comply with its obligations under the 4471 Note, as amended by the Change in Terms Agreements.

**ANSWER**: The Borrowers admit that Plaintiff has retained legal counsel and denies the remainder of the allegations in this paragraph.

84.     Pursuant to the 4471 Note, as amended by the Change in Terms Agreements, the Plaintiff is entitled to the costs of collection on the 4471 Note including reasonable attorneys' fees, costs and expenses and other enforcement costs.

**ANSWER**: The allegations in this paragraph call for a legal conclusion to which no answer is required.  To the extent an answer is required, the Borrowers deny all allegations contained in this paragraph.

85.     The Plaintiff has been damaged and continues to be damaged by Borrowers' breach of the 4471 Note.

**ANSWER**: The Borrowers lack sufficient information to answer this allegation and therefore deny the same.

### COUNT VIII
### BREACH OF SECOND BOYLE GUARANTY
**(Against Jesse Boyle)**

This Count does not contain allegations against the Borrowers and therefore does not require a response.

### AFFIRMATIVE DEFENSES TO COUNTS 1, 2, 6, AND 7

### FIRST DEFENSE

1.     The Borrowers did not adequate consideration for Loan 4055 and Loan 4471.

2.     Therefore, the Borrowers assert failure of consideration as an affirmative defense in this matter.

### SECOND DEFENSE

3.     Plaintiff fails to state a claim upon which relief can be granted.

**WHEREFORE**, Defendants, 1952 Chicago, LLC and BOS-1952, LLC, deny that Plaintiff is entitled to recovery or relief in any amount whatsoever and respectfully pray that:

(a) The Court enter judgment in favor of Defendants against the Plaintiff; and

(b) The Court provides such other relief as is just and proper.

Date:  February 17, 2016          **1952 CHICAGO, LLC**
                                           **BOS-1952, LLC**

                                         By:  /s/   Thomas R. Fawkes

                                            Thomas R. Fawkes, Esq.
                                            **GOLDSTEIN & MCCLINTOCK LLLP**
                                            208 S. LaSalle Street, Suite 1750
                                            Chicago, Illinois 60604
                                            Telephone:  312.337.7700
                                            Facsimile:  312.277.2305
                                            e-mail: tomf@goldmclaw.com