UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| WM CAPITAL MANAGEMENT, INC. AS SUCCESSOR IN INTEREST TO THE FEDERAL DEPOSIT INSURANCE CORPORATION, AS RECEIVER FOR EDGEBROOK BANK,<br><br>Plaintiff,<br>v.<br><br>BOS-1952, LLC, 1952 CHICAGO, LLC, JESSE BOYLE, BELMONT BANK & TRUST COMPANY; BANCO POPULAR N.A., AMERICAN FIDELITY MORTGAGE SERVICES, INC., UNKNOWN OWNERS AND NON-RECORD CLAIMANTS,<br><br>Defendants. | Case No. 15-CV-8542 |

**RESPONSE AND RESERVATION OF RIGHTS OF BOS-1952, LLC AND 1952 CHICAGO, LLC TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AS TO COUNTS II, VI AND VII**

Defendants, BOS-1952, LLC and 1952 Chicago, LLC (the "**Borrowers**" or the "**Defendants**"), by their undersigned counsel, hereby submits its response and reservation of rights (the "**Response**") to the Motion for Summary Judgment as to Counts II, VI and VII filed by WM Capital Management, Inc., as Successor in Interest to the Federal Deposit Insurance Corporation, as Receiver for Edgebrook Bank (the "**Plaintiff**" or "**WM**"). In support hereof, the Defendants state as follows:

**RESPONSE AND RESERVATION OF RIGHTS**

1. The Plaintiff seeks entry of summary judgment in its favor on three counts of its complaint against the Defendants: (i) Count II, for breach of Note 4055 (evidencing a loan in the

original principal amount of $165,000 from Edgebrook Bank to the Defendants); (ii) Count VI, for foreclosure of the Plaintiff's liens on certain personal property owned by the Defendants pursuant to a Commercial Security Agreement); and (iii) Count VII, for breach of Note 4471 (evidencing a loan in the original principal amount of $75,000 from Edgebrook Bank to the Defendants).

2. As a general matter, while the Defendants submit that they did not directly benefit from the loans made pursuant to Notes 4055 and 4471, they do not dispute that they executed Notes 4055 and 4471, and that the outstanding principal balance, along with accrued interest, was not paid to Edgebrook Bank (the predecessor in interest to the Plaintiff) as of the maturity date of those respective notes (though they do represent that payments were made prior to the maturity dates). They further do not dispute that since the maturity date, no payments of principal and interest have been made to the lender. Finally, they do not dispute the existence of the Commercial Security Agreement, nor do they dispute that Edgebrook Bank filed UCC-1 financing statements naming each of the Defendants as debtors, and containing a description of collateral consistent with that described in the Commercial Security Agreement.

3. Accordingly, the Defendants do not believe that a credible defense exists to the entry of judgment in the Plaintiff's favor on Counts II, VI and VII of the Complaint.

4. This notwithstanding, the Defendants cannot agree to the amount of the judgments sought by the Plaintiff in the Motion, due to the fact that the Plaintiff has not provided either the Defendants or this Court with sufficient detail concerning the calculation of its claims. Accordingly, the Defendants request that, as a condition to entry of summary judgment on Counts II and VII, that the Plaintiff be required to submit a detailed calculation of its claims

concerning Notes 4055 and 4471, and that the Defendants be afforded a reasonable opportunity to review, and if appropriate, object to such calculations.

5. Finally, the Defendants submit that they may hold a contribution claim against Robert Stejskal, a member of each of the Defendants, with respect to one or both of the Notes that are the subject of this Motion. At the time that the Notes were executed, it was agreed by Stejskal and the Defendants that a substantial portion of the proceeds of the loans would be distributed to Stejskal (purportedly to provide capital for certain businesses under his ownership or control), and that Stejskal would repay the Defendants. While these agreements are not reflected in the loan documents attached as exhibits to the Complaint or this Motion, the Defendants reserve all rights to assert claims against Stejskal, whether in this action or another action, to recover any amounts actually paid to the Plaintiff resulting from judgments entered in its favor.

6. Furthermore, by acknowledging the general validity of their obligations under the aforementioned notes, the Defendants are not acknowledging that the remaining Counts in the Complaint are meritorious, and reserve the right to raise any all defenses or counterclaims with respect thereto.

Date: May 10, 2016

**1952 CHICAGO, LLC AND BOS-1952, LLC**

By: /s/ Thomas R. Fawkes

Thomas R. Fawkes, Esq.
**GOLDSTEIN & MCCLINTOCK LLLP**
208 S. LaSalle Street, Suite 1750
Chicago, Illinois 60604
Telephone: 312.337.7700
Facsimile: 312.277.2305
e-mail: tomf@goldmclaw.com