IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| WM CAPITAL MANAGEMENT, INC. AS SUCCESSOR IN INTEREST TO THE FEDERAL DEPOSIT INSURANCE CORPORATION, AS RECEIVER FOR EDGEBROOK BANK, <br><br> Plaintiff, <br><br> v. <br><br> BOS-1952, LLC, 1952 CHICAGO, LLC JESSE BOYLE, and UNKNOWN, OWNERS AND NON-RECORD CLAIMANTS, <br><br> Defendants. | Case No. 15 CV 8542 <br><br> Judge Jorge L. Alonso |

## ORDER

Defendant Jesse Boyle's motion to vacate default judgment [37] is denied.

## STATEMENT

On September 28, 2015, plaintiff WM Capital Management, as successor in interest to the FDIC, filed this lawsuit against defendant Jesse Boyle and others for loan default and breach of contract. The summons was returned executed as to Boyle on November 12, 2015 [11] and attorney Michael Gunderson entered his appearance on behalf of Boyle on December 9, 2015 [13]. In January 2016, Boyle filed a motion to dismiss that was granted in part and denied in part [22]. The Court then ordered Boyle to answer the amended complaint by February 2, 2016. He did not do so and on March 11, 2016, plaintiff filed its motion for default judgment [26] as to Boyle. The Court denied the motion without prejudice [28] and on March 18, 2016, plaintiff filed a renewed motion for default judgment [30]. On April 6, 2016, the Court granted the motion [32] and entered default judgment against Boyle as to Counts III, V, and VIII of

plaintiff's amended complaint in the amount of $579,252.75.[1] A month later on May 6, 2016, Boyle filed the motion to vacate default judgment [37] through attorneys Michael Ohlman and Michael Gunderson which is now before the Court.

In that motion, Boyle asks the Court to vacate the default judgment entered against him and allow him to answer the amended complaint. Defendant states that WM Capital Management filed this case and companion cases 15 C 8098 and 15 C 8105 which led to defense counsel's confusion because he represented defendants in those actions as well until his withdrawal in February 2016. Defendant further argues that plaintiff will not be prejudiced because his answers and affirmative defenses will not be materially different than those filed by other defendants and because discovery has not begun. On May 28, 2016, defendant filed a supplement to his motion to vacate [43]. Therein defendant argues that he did not sign the contract the judgment is predicated on, never granted Edgebrook Bank a security interest in his property, never received any of the funds under the purported loan at issue and, believes that Edgebrook never funded the loan but only used it to show an equity infusion. Defendant also states that his lawyers were working as defense counsel on four cases filed by WM Capital and withdrew from all but this case in February 2016 and April 2016. Finally, defendant argues that the Court should vacate the default judgment pursuant to Fed. R. Civ. P. 60(b)(1) as to Count III because there is good cause, defendant took quick action to correct the default, and a meritorious defense exists.[2] Alternatively, Boyle argues the Court should vacate the default judgment pursuant to Fed. R. Civ. P. 59(e).

Plaintiff responds by arguing that vacating the default judgment is not warranted under these circumstances because defendant has not shown good cause under Fed. R. Civ. P. 60(b),

---

[1] The Court entered the judgment order on April 7, 2016 [33].
[2] Defendant does not contest the judgment as to Counts V and VIII but does challenge the amounts owed.

2

attorney inattentiveness to litigation is not excusable, defendant did not take quick action to correct the default, and defendant has not articulated a meritorious defense. Defendant replies that default judgment is a harsh penalty which should only be used in extreme situations and this was an honest mistake not willful misconduct. Finally, defendant argues that Fed. R. Civ. P. 55(c) gives the Court grounds to vacate the judgment for good cause.

**Fed. R. Civ. P. 60(b)(1)**

Rule 60(b)(1) states that the Court may relieve a party from a final judgment for "mistake, inadvertence, surprise, or excusable neglect." "[R]elief under Rule 60(b) is 'an extraordinary remedy and is granted only in exceptional circumstances[.]'" *Eskridge v. Cook Cty.,* 577 F.3d 806, 809 (7th Cir. 2009) (quoting *McCormick v. City of Chi.,* 230 F.3d 319, 327 (7th Cir. 2000)). The burden is on the moving party to show: "(1) good cause for default; (2) quick action to correct the default; and (3) the existence of a meritorious defense to the original complaint." *Jones v. Phipps,* 39 F.3d 158, 162 (7th Cir. 1994).

Defendant argues that he has demonstrated good cause for the default because confusion arose over representation in this matter and he was "unaware of the many motions to withdraw being filed . . . the numerous pleadings being filed, and the similarities between the many cases[.]" (Supp. to Pl.'s Mot. at 4.) The Court disagrees that defendant's lawyer's confusion and carelessness in managing his caseload amounts to good cause for default. "[A]ttorney inattentiveness to litigation is not excusable, no matter what the resulting consequences the attorney's somnolent behavior may have on a litigant." *Easley v. Kirmsee*, 382 F.3d 693, 698 (7th Cir. 2004); *see also, Ben Sager Chem. Int'l v. E. Targosz & Co.,* 560 F.2d 805, 809 (7th Cir. 1977) ("Neither ignorance nor carelessness on the part of a litigant or his attorney provide grounds for relief under Rule 60(b)(1).").

Defendant also argues that he took quick action to correct the default. Defense counsel filed a one-page motion without legal citations or much argument a month after the default judgment was entered. Approximately three weeks thereafter, defendant supplemented his motion to vacate the default judgment with four additional pages and an unsworn declaration. "Whether responding more than a month after the entry of a default judgment is quick action depends . . . on the particular circumstances of the defaulted defendant." *Jones,* 39 F.3d at 165. Defendant does not address the timeliness of his motion other than to say that he filed it as soon as he learned the default judgment was entered. "Courts have held that a plaintiff could not establish quick action to correct a default under Rule 60(b)(1) where they did not act for three weeks, *Sullivan v. General Plumbing, Inc.,* 2007 WL 1030236, *4 (N.D. Ill. Mar. 31, 2007), five weeks, *Jones v. Phipps,* 39 F.3d 158, 165 (7th Cir. 1994), [or] seven weeks, *Casio Computer Co. v. Noren,* 2001 WL 893813, *5 (N.D. Ill. Aug. 6, 2001), . . . after the entry of default." *Thomas v. Exxon Mobile Oil Corp.,* No. 07 C 0813, 2007 WL 2274710, at *3 (N.D. Ill. Aug. 1, 2007). While there might be a more reasonable explanation besides attorney inattentiveness why defendant waited a month to file his bare bones motion to vacate the default judgment and another three weeks to supplement that motion, no such rationale has been provided. Accordingly, the Court cannot find that defendant took quick action in filing his motion to vacate.

Finally, defendant argues that he has a meritorious defense to plaintiff's allegations because he says he "did not sign any document authorizing the $300,000 note to be collateralized" or "the document attached to the Complaint" and that Edgebrook Bank "fraudulently manufactured a secured claim against [him] in an effort to minimize exposure to the FDIC." (Boyle Decl. ¶¶ 15-16.) [43-1]. A potentially meritorious defense must provide

4

"facts which . . . offer more than general denials and bare conclusions." *Fed. Trade Comm'n v. Construct Data Publishers,* No. 13 CV 1999, 2014 WL 7004999, at *7 (N.D. Ill. Dec. 11, 2014) (citing *Pretzel & Stouffer Chartered v. Imperial Adjusters, Inc.,* 28 F.3d 42, 46 (7th Cir 1994)). Apart from defendant's allegation that he did not sign the promissory note, despite plaintiff's submission of the signed note, the Court has nothing on which to evaluate defendant's position. The Court finds that defendant's general denial does not amount to a meritorious defense warranting the Court to vacate the default judgment.

**Fed. R. Civ. P. 59(e)**

"A motion to alter or amend a judgment must be filed no later than 28 days after the entry of judgment." Fed. R. Civ. P. 59(e). "When a motion is filed more than 28 days after the entry of judgment, whether the movant calls it a Rule 59(e) motion or a Rule 60(b) motion, we treat it as a Rule 60(b) motion." *Banks v. Chi. Bd. of Educ.*, 750 F.3d 663, 666 (7th Cir. 2014). Because defendant's motion to vacate the default judgment was filed on May 6, 2016, twenty-nine days after the default judgment order was entered on April 7, 2016, the Court will not consider defendant's motion to vacate under Fed. R. Civ. P. 59(e). *See id.* at 666-67 (construing a Rule 59(e) motion filed 29 days after judgment was entered as a Rule 60(b) motion).

**Fed. R. Civ. 55(c)**

Rule 55(c) instructs that "[t]he court may set aside an entry of default for good cause, and it may set aside a final default judgment under Rule 60(b)." Because this is a motion to vacate default judgment, not a motion to set aside entry of default, defendant's reliance on Rule 55(c)'s good cause standard is misplaced. The Court's analysis under Rule 60(b) is sufficient.

## CONCLUSION

For the foregoing reasons, defendant Jesse Boyle's motion to vacate default judgment is denied.

SO ORDERED.            ENTERED: October 7, 2016

_____
**JORGE L. ALONSO**
**United States District Judge**