UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| WM CAPITAL PARTNERS 52, LLC, A DELAWARE LIMITED LIABILITY COMPANY, AS ASSIGNEE OF WM CAPITAL MANAGEMENT, INC. AS ASSIGNEE AND SUCCESSOR IN INTEREST TO THE FEDERAL DEPOSIT INSURANCE CORPORATION, AS RECEIVER FOR EDGEBROOK BANK,<br><br>                Plaintiff,<br>   v.<br><br>BOS-1952, LLC, 1952 CHICAGO, LLC, JESSE BOYLE, BELMOST BANK & TRUST COMPANY; BANCO POPULAR N.A., AMERICAN FIDELITY MORTGAGE SERVICES, INC., UNKNOWN OWNERS AND NON-RECORD CLAIMANTS,<br><br>                Defendants. | Case No. 15-CV-8542<br><br>Hon. Jorge L. Alonso |

## MEMORANDUM OPINION AND ORDER

Plaintiff WM Capital Partners 52, LLC moves for summary judgment on Count I of its Third Amended Complaint against Defendants 1952 Chicago, LLC and Unknown Owners and Non-Record Claimants. For the reasons that follow, the Court grants Plaintiff's motion [143].

## BACKGROUND

The following facts are undisputed and, unless otherwise noted, are taken from Plaintiff's Local Rule 56.1 Statement of Material Facts.[1] In September 2015, WM Capital Partners, Inc. ("WM Inc.") filed an eight-count complaint against Defendants seeking foreclosure of two

---

[1] As discussed further below, Defendants did not file a response to Plaintiff's statement of material facts, nor did they file any statement of additional facts, as required by Local Rule 56.1(b). As such, any well-supported facts presented by Plaintiff are deemed undisputed. *Curtis v. Costco Wholesale Corp.*, 807 F.3d 215, 218-19 (7th Cir. 2015).

1

properties and other collateral belonging to Defendants based on Defendants' alleged breach of certain loan agreements and guaranty agreements. (*See generally* Compl., ECF No. 1.) The Court has entered judgment—or the parties have reached settlement—on all but one count. (*See* ECF No. 33 (Judgment on Counts III, V, and VIII); *see also* ECF No. 86 (Judgment on Counts II, VI, and VII); ECF No. 125 (Order Dismissing Count IV pursuant to Settlement Agreement).) As explained further below, WM Inc. filed a Third Amended Complaint, which substitutes WM Inc. for the current Plaintiff, WM Capital Partners 52, LLC ("WM 52"). (*See* ECF Nos. 137 and 141.) WM 52 now moves for summary judgment on the sole remaining count—Count I—which seeks foreclosure of a mortgage for a property located at 1952 W. Chicago Ave. in Chicago, Illinois. (3d Am. Compl., ECF No. 141 at ¶¶ 22-24.)[2]

On April 11, 2012, Defendants 1952 Chicago, LLC ("1952 Chicago") and BOS-1952, LLC ("BOS-1952") executed a Promissory Note to Edgebrook Bank in the amount of $165,000 ("4055 Note"). (*See* Pltf.'s LR 56.1 SOF, ECF No. 143 at ¶ 1.) The 4055 Note evidenced a $165,000 loan made on the same day from Edgebrook Bank to 1952 Chicago and BOS-1952; 1952 Chicago and BOS-1952 acknowledge they executed the 4055 Note but deny receiving any proceeds from the loan. (Defs. 1952 Chicago and BOS-1952 Answer to 2d Am. Compl., ECF No. 110 at ¶ 1.)

On January 31, 2013, 1952 Chicago and BOS-1952 executed another Promissory Note to Edgebrook Bank, this time in the amount of $75,000 ("4471 Note"). (ECF No. 143 at ¶ 3.) The 4471 Note evidenced a $75,000 loan made from Edgebrook Bank to 1952 Chicago and BOS-1952. (*Id.*) Thereafter, on three separate occasions, Edgebrook Bank and the Defendants entered into

---

[2] WM Inc. previously filed a motion for summary judgment on Count I prior to the filing of the Third Amended Complaint. (*See* Pltf.'s Mot. for Summary Judgment, ECF No. 128.) As a matter of housekeeping, the Court denies the original motion for summary judgment as moot.

"Change of Terms" Agreements that, in relevant part, extended the maturity dates for both the 4055 Note and the 4471 Note. (*Id*. at ¶¶ 2, 4.)

On the same day that 1952 Chicago and BOS-1952 executed the 4055 Note—April 11, 2012—1952 Chicago also executed a Construction Mortgage ("the Mortgage") in favor of Edgebrook Bank. (ECF No. 143 at ¶ 5.) The Mortgage was recorded on April 17, 2012. (*Id*.) The Mortgage designates 1952 Chicago as the mortgagor and Edgewater Bank as the mortgagee and grants the mortgagee an interest in a parcel of property located at 1952 W. Chicago Ave. in Chicago, Illinois. (*Id*.)

The Mortgage explicitly defines the term "Note" as the 4055 Note (*Id*. at ¶ 7), and the Mortgage also contains a "Cross-Collateralization" term, which states as follows:

> CROSS-COLLATERALIZATION. In addition to the Note, this mortgage secures all obligations, debts and liabilities, plus interest thereon, of either Grantor [i.e., 1952 Chicago] or Borrower [i.e., 1952 Chicago or BOS-1952] to Lender [i.e., Edgebrook Bank]…as well as all claims by Lender against Borrower and Grantor or any one or more of them, whether now existing or hereafter arising, whether related or unrelated to the purpose of the Note, whether voluntary or otherwise, whether due or not due, direct or indirect, determined or undetermined, absolute or contingent, liquidated or unliquidated, whether Borrower or Grantor may be liable individually or jointly with others, whether obligated as guarantor, surety, accommodation party or otherwise, and whether recovery upon such amounts may be or hereafter may become barred by any statute of limitations, and whether the obligation to repay such amounts may be or hereafter may become otherwise unenforceable.

(*Id*. at ¶ 6.)

The Mortgage also provides 1952 Chicago and BOS-1952 default on the mortgage if they "fail[] to make any payment when due under the Indebtedness." (*Id*. at ¶ 8.) In relevant part, the Mortgage defines "Indebtedness" as "all principal, interest, and other amounts, costs and expenses

3

payable under the Note or Related Documents,[3] together with all…modifications of…the Note or Related Documents…together with interest on such amounts as provided in this Mortgage. Specifically, without limitation, Indebtedness includes all amounts that may be indirectly secured by the Cross-Collateralization provision of this Mortgage." (*Id*. at ¶ 9.)

As mentioned above, Edgebrook Bank and Defendants entered into "Change of Terms" Agreements for both the 4055 Note and the 4471 Note that, in relevant part, extended the final maturity dates of both Notes. (*Id*. at ¶¶ 2, 4.) Pursuant to these agreements, 1952 Chicago and BOS-1952 were required to pay the outstanding principal and accrued interest due under the 4055 Note and the 4471 Note by December 14, 2014, and December 31, 2014, respectively. (*Id*. at ¶¶ 10, 12.) 1952 Chicago and BOS-1952 failed to make the required payments on either note by their respective maturity dates. (*Id*. at ¶¶ 11, 13.) As it stands, 1952 Chicago and BOS-1952 have still failed to make the required payments under either note and, as such, both the 4055 Note and the 4471 Note remain in default. (*Id*. at ¶¶ 14-15.)

On May 8, 2015, Edgebrook Bank was closed by the Department of Financial and Professional Regulation Division of Banking, and the Federal Deposit and Insurance Corporation ("FDIC") was appointed as Receiver. (*Id*. at ¶ 23.) On August 27, 2015, the FDIC sold and assigned to WM Inc. all its interest in the 4055 Note, the 4471 Note, the "Change in Terms" Agreements, and the Mortgage. (*Id*. at ¶ 24.) On November 9, 2015, the FDIC issued an "Assignment of Mortgage" document to WM Inc., and WM Inc. recorded the document on December 8, 2015. (*Id*. at ¶ 25.)

---

[3] The Mortgage defines "Related Documents" as "all promissory notes, credit agreements, loan agreements…guaranties, security agreements, mortgages…and all other instruments, agreements and documents, whether now or hereafter existing, executed in connection with the Indebtedness." (ECF No. 143, Ex. E at 13.)

Again, in September 2015, WM Inc. filed its initial complaint in the instant suit and filed an amended complaint in October 2015. (*See* ECF No. 1; *see also* ECF No. 5.) On April 15, 2016, WM Inc. moved for summary judgment on Counts II, VI, and VII of its Amended Complaint; Count II alleged a breach of the 4055 Note against 1952 Chicago and BOS-1952, and Count VII alleged a breach of the 4471 Note against 1952 Chicago and BOS-1952. (ECF No. 143 at ¶ 16.)[4] Regarding Counts II and VII, WM Inc. argued that 1952 Chicago and BOS-1952 had defaulted on the 4055 Note and the 4471 Note by failing to make the required payments and thus had breached the Notes. (*Id*. at ¶ 16.)

1952 Chicago and BOS-1952 filed a joint response to WM Inc.'s motion for summary judgment, which stated, in part, as follows:

> As a general matter, while the Defendants submit that they did not directly benefit from the loans made pursuant to Notes 4055 and 4471, and that the outstanding principal balance, along with accrued interest, was not paid to Edgebrook Bank (the predecessor in interest to the Plaintiff) as of the maturity date of those respective notes (though they do represent that payments were made prior to the maturity dates). They further do not dispute that since the maturity date, no payments of principal and interest have been made to the lender…Accordingly, the Defendants do not believe that a credible defense exists to the entry of judgment in the Plaintiff's favor on Counts II, VI and VII of the Complaint.

(*Id*. at ¶ 17.)

On December 20, 2017, the Court entered judgment in favor of WM Inc. on Count II (4055 Note) in the amount of $238,383.34 and Count VII (4471 Note) in the amount of $89,373.65. (*Id*. at ¶ 18.) Pursuant to 735 ILCS 5/2-1303, post judgment interest accrues at a rate of 9 percent per annum. (*Id*. at ¶ 19.) Further, the Mortgage's "Attorneys Fees; Expenses" provision provides that "if [plaintiff] institutes any suit or action to enforce any of the terms of this Mortgage, [plaintiff]

---

[4] Count VI, which sought foreclosure of certain miscellaneous liens and security interests, is not relevant to the instant motion. (Am. Compl., ECF No. 5 at ¶¶ 68-77.)

shall be entitled to recover such sum as the court may adjudge reasonable as attorneys' fees at trial and upon any appeal." (*Id.* at ¶ 20.)

On May 3, 2016—after WM Inc. moved for summary judgment on Counts II and VII but before the Court entered judgment—WM Inc. assigned the Mortgage to the current plaintiff, WM 52 pursuant to two "Assignment of Mortgage" documents, both of which were recorded on May 12, 2016. (*Id.* at ¶ 26.) In June 2019, the Third Amended Complaint was filed, which substituted WM 52 for WM Inc. as plaintiff to this action.[5] Thereafter, WM 52 filed the instant motion for summary judgment on Count I, which is only brought against 1952 Chicago and "Unknown Owners and Non-Record Claimants." (*Id.* at ¶ 30.) Other than 1952 Chicago, no other person has filed either an appearance or answer in relation to Count I (*Id.* at ¶ 33), but WM 52 admits and acknowledges that the Mortgage is subject to a prior mortgage on the parcel at 1952 W. Chicago Ave. filed by Belmont Bank & Trust Company. (*Id.* at ¶ 34.)

## **LEGAL STANDARD**

Summary judgment is appropriate when the record, viewed in the light most favorable to the non-moving party, reveals that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); *Zaya v. Sood*, 836 F.3d 800, 804 (7th Cir. 2016). A genuine issue of material fact exists when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Zaya*, 836 F.3d at 804 (citing *Anderson v. Liberty Lobby*, Inc., 477 U.S. 242, 248 (1986)). In ruling on a motion for summary

---

[5] At the time WM Inc. filed the instant suit, this Court had jurisdiction pursuant to 28 U.S.C. § 1332 because WM Inc. is a citizen of New York and the Defendants are citizens of Illinois. (*See* ECF No. 1 at ¶¶ 25-32.) Substituting WM 52 as plaintiff destroys complete diversity here because WM 52 is deemed a citizen of Illinois for diversity purposes. (ECF No. 143 at ¶ 29.) However, the Court retains diversity jurisdiction because under these specific circumstances, "[d]iversity jurisdiction, once established, is not defeated by the addition of a nondiverse party to the action." *Freeport-McMoRan, Inc. v. K N Energy, Inc.*, 498 U.S. 426, 428 (1991).

judgment, the court must consider the record as a whole, in the light most favorable to the non-moving party, and draw all reasonable inferences in favor of the non-moving party. *Anderson*, 477 U.S. at 255.

Northern District of Illinois Local Rule 56.1 governs how the parties identify material facts and potential disputed material facts. "The purpose of Rule 56.1 is to have the litigants present to the district court a clear, concise list of material facts that are central to the summary judgment determination. It is the litigants' duty to clearly identify material facts in dispute and provide the admissible evidence that tends to prove or disprove the proffered fact." *Curtis v. Costco Wholesale Corp.*, 807 F.3d 215, 219 (7th Cir. 2015). Local Rule 56.1 statements and responses should identify the relevant admissible evidence supporting asserted material facts, not make factual or legal arguments. *See Zimmerman v. Doran,* 807 F.3d 178, 180 (7th Cir. 2015). "When a responding party's statement fails to dispute the facts set forth in the moving party's statement in the manner dictated by the rule, those facts are deemed admitted for purposes of the motion." *Curtis*, 807 F.3d at 218 (internal quotation omitted). The Seventh Circuit "has consistently upheld district judges' discretion to require strict compliance with Local Rule 56.1." *Flint v. City of Belvidere*, 791 F.3d 764, 767 (7th Cir. 2015).

## DISCUSSION

The Court applies substantive Illinois law and federal procedural law to this diversity action. *Gacek v. American Airlines, Inc.*, 614 F.3d 298, 301-302 (7th Cir. 2010). Under Illinois law, a mortgagee may foreclose its interest in real property upon "either the debt's maturity or a default of a condition in the instrument." *Heritage Pullman Bank v. American National Bank & Trust,* 164 Ill.App.3d 680, 685 (1st Dist. 1988). "A mortgagee establishes a prima facie case for foreclosure with the introduction of the mortgage and note." *See Deutsche Bank Nat'l Tr. Co. v. Vargas*, No. 12 CV 4819, 2014 WL 6835951, at *2 (N.D. Ill. Dec. 3, 2014) (citing *Farm Credit*

7

*Bank of St. Louis v. Biethman,* 262 Ill.App.3d 614, 622 (5th Dist. 1994)). Here, WM 52 makes out a prima facie case for foreclosure because it includes the 4055 Note, the 4471 Note, and the Mortgage. These documents, as discussed above, show that the Mortgage secured both Notes and that the failure to make timely payments required by the Notes constitutes default. WM 52 also provides undisputed facts that Defendants defaulted (and remain in default) because Defendants failed to make the required payments on the Notes.

In response, 1952 Chicago argues that summary judgment is not warranted for two reasons. First, 1952 Chicago contends the 4471 Note is not properly collateralized because Edgebrook Bank failed to obtain a lien against the property at 1952 W. Chicago Ave. (Def.'s Resp. to Mot. for Summary Judgment, ECF No. 147 at 3-4.) Second, in reference to the 4055 Note, 1952 Chicago argues it never received proceeds from the $165,000 loan and as such, it can successfully argue failure of consideration as an affirmative defense. (*Id*. at 5-8.) 1952 Chicago says either argument raises genuine disputes of material fact that must be addressed at a trial. The Court disagrees.

As an initial matter, 1952 Chicago failed to comply with Local Rule 56.1 because it did not respond to WM 52's statement of facts nor did it provide its own statement of additional facts that underlie its arguments opposing summary judgment. NDIL LR 56.1(b). As such, the Court is within its purview to consider only the facts raised in WM 52's statement of facts and deem those facts admitted. *See Flint*, 791 F.3d at 767 (recognizing a district court has discretion "to require strict compliance with Local Rule 56.1" where district court deemed undisputed facts admitted and declined to consider facts raised only in non-moving party's brief); *see also Smith v. Lamz*, 321 F.3d 680, 682-83 (7th Cir. 2003) (affirming district court's decision to only consider moving party's facts where non-moving party did not formally respond to facts and provided its own facts in its brief and attached materials without proper citation). Because WM 52 makes out a prima

facie case and because 1952 Chicago fails to raise any facts in accordance with Local Rule 56.1, summary judgment in favor of WM 52 is warranted "on this basis alone." *Vargas*, 2014 WL 6835951, at *2 (noting defendant mortgagor failed to respond to plaintiff mortgagee's Local Rule 56.1 statement and granting summary judgment).

Even putting aside 1952 Chicago's disregard for Local Rule 56.1, its arguments are without merit. First, 1952 Chicago argues that the 4471 Note does not properly identify the property at 1952 W. Chicago Ave. as collateral. 1952 Chicago points to the section of the 4471 Note entitled "Collateral," which states that "Borrower acknowledges this Note is secured by Cross-Collateralized and Cross-defaulted with all Edgebrook Bank loans and personal guaranty of Jesse Boyle." (ECF No. 147 at 3.) 1952 Chicago argues this provision is "woefully deficient" to designate 1952 W. Chicago Ave. as collateral because it does not identify the collateral with enough specificity and because it provides a "remedy" rather than a security interest. (*Id*. at 3-4.) 1952 Chicago then goes on to argue that WM 52's "only remedy" for the 4471 Note is to assert an equitable lien, which it has failed to do.

1952 Chicago's argument must fail, for one, because it is unsupported by any legal authority whatsoever. *See Judge v. Quinn*, 612 F.3d 537, 557 (7th Cir. 2010), *opinion amended on denial of reh'g*, 387 F. App'x 629 (7th Cir. 2010) (noting that "perfunctory and undeveloped arguments, and arguments that are unsupported by pertinent authority, are waived").[6] More importantly though, 1952 Chicago ignores that the Mortgage's "Cross-Collateralization" provision, by its plain language, acts to secure the 4471 Note. (ECF No. 143 at ¶ 6.) 1952 Chicago does not offer any rationale for why the Mortgage's Cross-Collateralization provision does not apply or argue that the provision is somehow invalid under Illinois law (perhaps because it cannot

---

[6] The Court finds this lack of citation to legal authority telling, especially in light of the fact that 1952 Chicago *does* cite case law when, in its next breath, it discusses equitable liens. (ECF No. 147 at 4.)

make such arguments). *See e.g., Daiwa Bank v. La Salle Nat'l Tr., N.A.*, 593 N.E.2d 105, 114-15 (2d Dist. 1992) (enforcing language in mortgage which provided that the mortgage secured unidentified future debt). In light of the Mortgage's language, the collateral provision of the 4471 Note is irrelevant, as is 1952 Chicago's discussion of equitable liens.

Finally, turning to 1952 Chicago's second argument, the Court finds that, even if 1952 Chicago's argument is correct, it would not create a question of material fact as to WM 52's foreclosure claim. Again, 1952 Chicago argues that it should be able to present an affirmative defense of failure of consideration as to the 4055 Note because, as 1952 Chicago explains in its brief, it never actually received any of the proceeds from the $165,000 loan underlying the 4055 Note. (ECF No. 147 at 5-8.)[7] In response, WM 52 argues that failure of consideration is an affirmative defense to Count II of its complaint (i.e., claim for breach of the 4055 Note), and 1952 Chicago failed to argue this defense when plaintiff previously moved for summary judgment on Count II. The Court ultimately entered judgment in favor of plaintiff on Count II, and WM 52 argues that 1952 Chicago should be barred from raising this affirmative defense now in light of its failure to do so earlier. (Pltf.'s Memo. in Support of Summary Judgment, ECF No. 145 at 4-6; *see also* Pltf.'s Reply, ECF No. 148 at 4-7.)

Despite the time the parties spend on *whether* 1952 Chicago can raise its failure of consideration defense to WM 52's foreclosure claim, the parties do not show *why* it matters. Even assuming *arguendo* that 1952 Chicago is permitted to raise its affirmative defense, the Mortgage would still entitle WM 52 to foreclose on the 1952 W. Chicago Ave. property because, as explained

---

[7] It should be noted that, if 1952 Chicago proved its affirmative defense here, the 4055 Note would still be valid, but 1952 Chicago would have an excuse for its nonpayment. *See e.g., Worner Agency, Inc. v. Doyle*, 459 N.E.2d 633, 635-36 (4th Dist. 1984) (explaining difference between a lack of consideration, which goes to formation of a contract, and failure of consideration, which admits contract but excuses nonperformance).

above, the Mortgage also collateralizes the 4471 Note and it is undisputed that 1952 Chicago has defaulted on the 4471 Note. Under the terms of the Mortgage, 1952 Chicago's failure to pay the 4471 Note constitutes an event of default which allows WM 52 to foreclose on the property. So again, even assuming for purposes of Count I that 1952 Chicago's affirmative defense creates questions of fact whether it breached the 4055 Note, those questions would not be material to the foreclosure claim because WM 52 would still be entitled to foreclosure as a matter of law for 1952 Chicago's failure to pay the 4471 Note. The Court sees nothing in the relevant documents or under Illinois law that prevents it from reaching this conclusion.[8]

## **CONCLUSION**

For the foregoing reasons, Plaintiff WM Capital Partners 52, LLC's amended motion for summary judgment on Count I of its Third Amended Complaint [143] is granted. Plaintiff's original motion for summary judgment [128] is denied as moot. The Court directs the parties to submit a proposed Judgment Order that conforms to this Opinion. Any motion to reconsider shall be filed within 21 days.

**SO ORDERED.**                                         **ENTERED: February 20, 2019**



**HON. JORGE ALONSO**
**United States District Judge**

---

[8] The Court realizes its rationale here extends beyond the arguments raised by the parties. As such, the Court is open to a motion to reconsider to the extent that it contains a manifest error of law or fact. Any such motion shall be made within 21 days of entry of this Order. To be clear, the Court's reasoning does not affect the judgment previously entered on Count II because, as WM 52 points out, 1952 Chicago had the opportunity to raise this affirmative defense as to Count II but did not do so.